UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**United States of America,**

        Plaintiff,

    v.

**Samuel Sierra, Jr.**,

        Defendant.

**DECISION and ORDER**

25-CR-6078-EAW-MJP

---

## INTRODUCTION

**Pedersen, M.J.** The government has asked me to order Defendant Samuel Sierra, Jr. detained pending trial. I have evaluated the government's motion under the factors found at 18 U.S.C. § 3142(g). Based on those factors, I conclude that there are conditions I can set that will reasonably assure the safety of any other person and the community. I thus **ORDER** Mr. Sierra released on conditions.

## BACKGROUND

This case began with the government's application for a search warrant. Based on the execution of that warrant, the government has charged Mr. Sierra with Narcotics Conspiracy in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C), all in violation of 21 U.S.C. § 846 (Indictment, ECF No. 1.) The government provided additional detail during the detention hearing

1

on June 12, 2025. Although the government did not explicitly argue that Defendant is a risk of flight the Court will nevertheless consider it.

## LEGAL STANDARD

Congress enacted the Bail Reform Act in 1984 to provide the procedure for release or detention of defendants pending trial. 18 U.S.C. §§ 3141, *et seq*. (codifying the Bail Reform Act). Section 3142 provides the procedures and standards for release or detention.

### *Unless the government brings a motion for detention, the defendant must ordinarily be released pending trial.*

A defendant awaiting trial must be released unless the government successfully moves for detention. *See United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986) (explaining that the Bail Reform Act codified the "traditional presumption favoring pretrial release for the majority of Federal defendants"). The government may move for detention in the situations anticipated by 18 U.S.C. §§ 3142(f)(1)(A)–(E). Likewise, the Court may hold a detention hearing under §§ 3142(f)(2)(A) or (B) "upon motion of the attorney for the Government" or on its own motion. 18 U.S.C. §§ 3142(f)(2)(A) & (B).

### *When the government brings a motion for detention, it bears the burden of showing risk of flight or dangerousness.*

When the government brings a motion for detention under Section 3142, it bears the burden on risk of flight and dangerousness. The government must demonstrate that the defendant poses a risk of flight

2

by a preponderance of the evidence. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001) ("The government retains the ultimate burden of persuasion by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight." (collecting cases)). That burden of proof requires that the government must show it is more likely than not that the defendant poses a flight risk.

    The government must demonstrate dangerousness by clear and convincing evidence. *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). This is a tougher burden to define. Some courts have (somewhat unhelpfully) defined clear and convincing evidence as "something more than" a "preponderance of the evidence, and something less than beyond a reasonable doubt." *Id.* (internal quotation marks omitted). A better definition might be that clear and convincing evidence is "evidence that produces in the mind … a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the factfinder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Blair v. Inside Ed. Prods.*, 7 F. Supp. 3d 348, 358 (S.D.N.Y. 2014) (quotation omitted) (cleaned up).

***While most defendants should not be detained pending trial, Courts can and should consider more than the pending charges in ruling on a detention motion.***

With these burdens in mind, courts have observed that "only a limited group of offenders [ ] should be denied bail pending trial." *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (alteration added and internal quotation marks omitted) (quoting *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987)). This is true even where the government has a rebuttable presumption on its side. *See Mercedes*, 254 F.3d at 436 ("Even in a presumption case, the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community." (citation omitted)). Even so, if a defendant's dangerousness is apparent, the Court should order detention. *See Chimurenga*, 760 F.2d at 403 (noting that when there is "a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate").

Dangerousness does not only include potential acts of violence. The Court is not limited to considering only the charges pending against a defendant when "assessing the degree of danger posed by [the] defendant's release." *United States v. Bruno*, 89 F. Supp. 3d 425, 430 (E.D.N.Y. 2015); *see also United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991) (reversing release and ordering detention while rejecting "requirement that the violent conduct ... be connected to the activity charged in the

4

indictment"). So, in considering the g-factors, the Court will address matters beyond the four corners of the complaint.

### *To determine dangerousness and risk of flight, the Court considers the "g-factors."*

To determine whether a defendant should be detained, the Court must consider the factors stated in 18 U.S.C. § 3142(g). These are commonly known as the "g-factors." The Court discusses each of them below.

"[A] district court has broad discretion to determine how much weight to assign the factors listed in § 3142(g) based on the circumstances of a particular case." *United States v. Zhang*, 55 F.4th 141, 144 (2d Cir. 2022). The Second Circuit has explained that discretion by discussing how courts may weigh the g-factors differently in different cases:

> Although § 3142(g) of the Bail Reform Act lists various factors to consider, it says nothing about the relative weight a court should give them when deciding whether to release or detain a defendant.… That silence is unsurprising, because the weight given to each factor will inevitably vary from case to case, and might even vary depending on whether the inquiry relates to a defendant's danger or to his risk of flight. What is more, certain factors might interact with one another in a particular case in a way that alters a court's analysis of a defendant's danger to the community or flight risk.

*Id.* at 149–50 (internal citation omitted). Thus, while the Court must consider each g-factor, the Court may weigh them differently in different cases.

## DISCUSSION

*The government's oral motion to detain Mr. Sierra.*

The government has moved for detention pursuant to 18 U.S.C. § 3142(f)(1)(C) because Defendant is charged under the Controlled Substances Act with a felony that carries a minimum sentence of more than 10 years imprisonment. In addition, the government proffered that a rebuttable presumption of detention applies under § 3142(e)(3)(A) because Defendant is charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

The United States Probation Department, in its Pretrial Services Report, recommended that Defendant be released on "Personal Recognizance" with conditions. (Pretrial Services Report at 4, May 27, 2025.)

*The g-factors favor release on conditions.*

The Court has considered the parties' proffers made during the detention hearing. The Court finds that the g-factors favor release on conditions.

### The factor involving the nature and circumstances of the offense charged favors detention.

*First*, I must consider "the nature and circumstances of the offense charged," under 18 U.S.C. § 3142(g)(1), "including whether the offense is a crime of violence." *Id.*; *see also United States v. Choudhry*, 941 F. Supp. 2d 347, 350 (E.D.N.Y. 2013).

6

Defendant has been charged with conspiring with others to possess and distribute fentanyl, cocaine, and heroin. Defendant has proffered some evidence rebutting the statutory presumptions of dangerousness flowing from 18 U.S.C. § 3142(e)(3)(A). However, in sum, the nature of the offense weighs in favor of detention.

**The weight of the evidence factor favors detention.**

*Second,* the Court must consider the weight of the evidence against Defendant. But "it is not the Court's role at this stage" to evaluate "guilt or innocence." *United States v. Enix*, 209 F. Supp. 3d 557, 573 (W.D.N.Y. 2016). The Court's duty now is to determine if it can set conditions of release that will "reasonably assure the safety of the community and the appearance of the defendant at court proceedings." *Zhang*, 55 F.4th at 152.

There was some discussion about the weight I should give to this "g" factor. Per the Court of Appeals for the Second Circuit, a district court "has broad discretion to determine how much weight to assign the factors listed § 3142(g) based on the circumstances of a particular case." *United States v. Zhang*, 55 F.4th 141,144 (2d Cir. 2022). In *Zhang*, the court stated that the Bail Reform Act "does not suggest any hierarchy among the various factors to be considered by a court in a detention hearing." *Id.* at 152. Instead, the court should employ "case-specific

7

information to assess each factor's relevance" because "the weight given to each factor will inevitably vary from case to case." *Id*. at 149–50.

Other courts have found the weight of the evidence factor to be the "least important." *Id*. at 152. Specifically, the Court of Appeals for the Ninth Circuit was worried that a court might "make a pretrial determination that the person is guilty." *Id*. (quoting *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985)). However, the Second Circuit found that argument to be unconvincing. In *Zhang*, the court stated: "We agree… it is not the district court's role to definitively conclude whether the defendant is guilty. But as we have explained, a preliminary assessment of the strength or the weakness of the evidence can be a key consideration." *Id*. at 152. In evaluating the evidence, the Court may make "a preliminary assessment of the strength or the weakness" of it. *Id*. The Second Circuit has held that "[w]here … the evidence against a defendant is strong, it follows that the defendant faces an elevated risk of conviction (and of the attendant punishment), and therefore may present an elevated risk of flight." *United States v. Zhang*, 55 F.4th 141, 151 (2d Cir. 2022).

Here, upon execution of the search warrant at Defendant's residence on May 22, 2025, law enforcement found 37 grams of cocaine in an upstairs hall closet, which the government proffered is a distribution amount of cocaine. They also found a digital scale with a white powdery

residue on it found in a kitchen cabinet, $5,000 in cash, and jewelry items. In addition, law enforcement found a stolen glock 19 9 millimeter pistol, a 30 round magazine loaded with 14 rounds of ammunition, another 9 millimeter magazine loaded with 8 rounds of ammunition, multiple loose rounds of 9 millimeter ammunition wrapped in a sock, and ruger 380 caliber magazine loaded with 6 rounds hidden behind the bathroom mirror in a hole. Two minor children were in the house at the time law enforcement executed the search warrant. The government also proffered that the grand jury has already indicted Defendant, thus finding that he conspired with others to possess with intent to distribute and distribute 400 grams or more of a mixture containing fentanyl, 100 grams or more of a substance containing a fentanyl analogue, and 500 grams or more of a mixture and substance containing cocaine, as well as heroin. The conspiracy stretches from around June 2024 until on or about October 2024. There was also a controlled purchase of about 39 grams of fentanyl directly from Defendant. Defendant was part of a pipeline of fentanyl and cocaine coming from the Rochester area to the St. Lawrence county area.

Thus, this "g" factor weighs in favor of detention.

**Defendant's history and characteristics.**

This third "g" factor requires the Court to assess the following:

- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of

9

> residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> - (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law[.]

18 U.S.C. §§ 3142(g)(3)(A) & (B) (alteration added).

Defendant is 37 years old. He lives with his wife and two children and is a father to two other children from a prior relationship, all of whom he supports financially. He obtained his GED in 2017. He had family members present in the courtroom during oral argument to support him. He is self-employed, owning a retail store for a year. Defendant also owns three properties in the Rochester area as follows: 285 Hauge Street valued at approximately $80,000 in equity, 40 Mrytle Hill Park valued at approximately $60,000 in equity, and 589 Maple Street valued at approximately $140,000 in equity. Defendant asserts that his ownership of property in the area supports his contention that he is not a flight risk. He has no physical or mental health issues other than asthma. He reported that he has used Percocet pills for the past five years and that he believes drug treatment would be beneficial. Defendant has one prior criminal conviction for criminal possession of a controlled substance 7th, a misdemeanor. He was sentenced to 3 years' probation and discharged from probation at its maximum expiration. Defendant contends that this demonstrates that he has been compliant while on probation.

10

Defendant also proffered that the cash found in the house were the proceeds from Defendant's wife selling items to the community. Defendant disagrees with the government's presumption that the amount of cocaine found in his residence was a distribution amount and that it could be for one person. This factor weighs in favor of release.

### The nature and seriousness of the danger to any person or the community.

The *final* g-factor is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4).

The Supreme Court has concluded that "drugs and guns" are a "dangerous combination." *Muscarello v. United States*, 524 U.S. 125, 132 (1998) (citation omitted). I do not disagree. However, Defendant has one prior criminal conviction that is over 15 years old and he successfully completed probation for that conviction. This shows me that Defendant was previously compliant while on supervision and that I can reasonably conclude that he will do the same again if released. He is also gainfully employed, owning and operating his own business. In addition, he owns three properties in the community, which demonstrates that he has roots here. He also had the support of family in the courtroom during the detention hearing, which shows me that he has people who want him to succeed while released on probation.

On balance, the forgoing leads me to the conclusion that there are conditions I can set to reasonably assure me that Defendant would not be a danger to the community.

## CONCLUSION

For these reasons, after considering all the evidence, submissions, and proffers noted, I **DENY** the government's motion for detention finding that I can set conditions that would reasonably assure me that Defendant would not pose a danger to a person or the community if released. I do not find by a preponderance of the evidence that Defendant is a risk of flight.

I direct that **Samuel Sierra, Jr.** be released on conditions including, but not limited to the following:

That Defendant be on home detention.

That Defendant post a $100,000 bond secured by his real estate holding(s).

I further direct that this decision and order denying the Government's motion for detention is **STAYED** until Monday, June 16, 2025, at 3:00 p.m.

Should the Government fail to file a request for a further stay of this release order by June 16, 2025, at 3:00 p.m., a Status Conference will be held before me on Tuesday, June 17, 2025 at 10:00 a.m. for the purpose of memorializing conditions of release and further to release Defendant from custody. This appearance will be adjourned without

12

further notice should the Government timely file a request for an additional stay of this decision and order.

**IT IS SO ORDERED.**

Dated:  June 13, 2025
Rochester, NY

_____
MARK W. PEDERSEN
United States Magistrate Judge